Filed 12/1/23  P. v. Whicker CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B325848 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA058071) |
| v. | |
| STACEY JEROME WHICKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

### *INTRODUCTION*

In 2015, defendant Stacey Jerome Whicker was sentenced to a lengthy third-strike prison term stemming from a series of altercations with his girlfriend and his girlfriend's brother. On appeal, we modified the judgment to correct various sentencing errors. Five years later, the Department of Corrections and Rehabilitation (CDCR) notified the trial court of certain errors in defendant's modified sentence. In accordance with CDCR's advice, the court resentenced defendant to a slightly shorter prison term. In his appeal from that judgment, defendant again raised various sentencing errors. We modified the judgment to correct the errors, affirmed the judgment as modified, and remanded the matter with directions to the trial court to prepare a new abstract of judgment reflecting the modified sentence.

On appeal, defendant argues that the trial court violated his right to be present for resentencing, that it failed to apply the full resentencing rule, and that his attorney provided constitutionally-deficient representation by failing to object. The People contend, and we agree, that on remand, the trial court did not resentence defendant at all. It was this court that modified the judgment, and as such, there is no new "post-remand" trial court judgment from which defendant can appeal. As we lack jurisdiction over this matter, the appeal is dismissed. (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 (*Jennings*) [reviewing courts have an independent duty to raise the issue when a doubt exists about their own jurisdiction].)

## BACKGROUND[1]

After a violent argument with his girlfriend and her brother, defendant forced his girlfriend into a car and drove off. When Los Angeles Sheriff's Department deputies caught up, they discovered several bags of cocaine and cocaine base in the car, as well as $3,000 in cash.

Defendant was convicted by jury of assault with a firearm (Pen. Code, § 245, subd. (a)(2); counts 1 & 2); false imprisonment by violence (*id.*, § 236; count 3); misdemeanor battery (*id.*, § 243, subd. (e)(1); count 4); possession of a firearm by a felon (*id.*, § 29800, subd. (a)(1); count 5); possession for sale of cocaine (Health & Saf. Code, § 11351.5; count 6); and possession for sale of cocaine base (*id.*, § 11351.5; count 7).[2] The jury also found defendant personally used a firearm (§ 12022.5, subd. (a)). Defendant admitted suffering four prior convictions, three of which constituted both strike priors (§§ 667, subds. (b)–(i), 1170.12) and serious-felony priors (§ 667, subd. (a)), and two of which constituted prison priors (former § 667.5, subd. (b)). The court imposed a determinate term of 4 years, 8 months and a consecutive, indeterminate term of 101 years to life, for a total prison sentence of 105 years, 8 months to life.

Following defendant's initial appeal, we modified the judgment to correct several sentencing errors and affirmed as modified. (*People v. Whicker* (Aug. 7, 2015, B255716) [nonpub.

---

[1] Most of the evidence presented at trial is irrelevant to defendant's claims on appeal; we address only that evidence necessary to resolve the appeal and otherwise to provide context.

[2] All undesignated statutory references are to the Penal Code.

opn.].)  We struck two of the serious-felony priors (§ 667, subd. (a)) because they were not separately brought and tried, thereby reducing the indeterminate sentence to 81 years to life, but increased the determinate sentence to 5 years, 4 months to correct an arithmetical error as to count 6.  As modified, defendant's total prison sentence was 86 years, 4 months to life.

In 2020, CDCR notified the trial court that the determinate portion of the sentence was still incorrect because the court had used the wrong sentencing triad for count 7 and had failed to specify a principal count.  In response, the court resentenced defendant to the same indeterminate term of 81 years to life but increased defendant's determinate sentence to 11 years, 4 months, for a total prison term of 92 years, 4 months to life.

When the case again came before us on defendant's second appeal, defendant argued the trial court erred by not striking the enhancement for his prison prior, which had become invalid due to an intervening change in the law (§ 667.5, subd. (b)).  The People conceded, and we agreed, that defendant was entitled to the benefit of the new law.  We also observed that CDCR was mistaken about the purported error it identified in the sentence for count 7.

By unpublished opinion, we modified the judgment to correct the errors and affirmed as modified.  (*People v. Whicker* (Sep. 17, 2021, B307526) [nonpub. opn.] (*Whicker II*).)  We reduced defendant's determinate term to 9 years, 4 months and reduced the indeterminate term to 80 years to life, for a total prison sentence of 89 years, 4 months to life.  (*Id*. at pp. 9–10.)  As we discuss in more detail below, our disposition of the second appeal was to remand *with directions* to the trial court to prepare a new abstract of judgment reflecting the modified judgment and

4

to send a certified copy of the new abstract to CDCR.  (*Ibid*.)  In all other respects, we affirmed.  (*Ibid*.)

Upon remand, at an in-person hearing, the trial court made the changes to the judgment that we directed in the disposition. Defendant filed a notice of appeal.

### *DISCUSSION*

### 1.    *Proceedings on Remand*

Our disposition in *Whicker II* stated:  "The judgment is modified as follows:  (1) as to count 7, possession of cocaine base, defendant's sentence is modified from 8 years (4 years doubled) to 6 years (3 years doubled); and (2) as to count 1, assault with a firearm, the one-year prior prison term under section 667.5, subdivision (b) is stricken.  The trial court is directed to prepare a new abstract of judgment reflecting these changes.  The clerk shall forward the new abstract to [CDCR].  As modified, the judgment is affirmed."  (*Whicker II*, *supra*, at pp. 9–10.)

On September 27, 2022, upon remand, the trial court held a hearing at which counsel for defendant and counsel for the prosecution were present.  Defendant was not.  The trial court asked defense counsel:  "Do you waive your client's appearance for this resentencing consistent with the appellate court remittitur?"  Defense counsel responded, "Yes, Your Honor, if it is in his favor."  The court said, "It is."

The court continued:  "And I do have a remittitur that was issued July 28th, 2022 . . . so the court's intent would be to resentence the defendant consistent with this remittitur.  There's law changes, and per the 7/28/2022 remittitur, judgment is modified.

"As to count 7, possession of cocaine base, his sentencing will be modified from eight years times two to six years times two

5

because of the law change. So it will be mid-term of three years doubled for a total of six years rather than initial eight years. And as to count 1, the court will strike the defendant's prior prison term, which is [a] 667.5(b) prior. And all other terms remain in full force and effect.

"It will be nun[c] pro tunc back on the original date of resentencing. So now the total will be 39 years, 4 months plus 50 to life. And I think that's all we need to do. The clerk to forward amended abstract of judgment to the Department of Corrections."

Counsel for both parties thanked the court, and the hearing concluded.

## 2.     *The Trial Court Did Not Enter an Appealable Judgment or Order*

In California, the right to appeal is statutory. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 ["The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute"].) The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal. (*Jennings, supra,* 8 Cal.4th at p. 126.) Section 1237 sets forth the situations under which a criminal defendant may appeal.[3] The

---

[3]     Section 1237 provides: "An appeal may be taken by the defendant: [¶]  (a) From a final judgment of conviction except as provided in Section 1237.1 and Section 1237.5. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon

statute authorizes appeals from "final judgments[,] those orders deemed by statute to be final judgments," and any "order made after judgment, affecting the substantial rights of the party." (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 (*Mazurette*); § 1237, subds. (a) & (b).)

A *newly imposed* sentence following resentencing constitutes an appealable "final judgment of conviction." (*People v. Arias* (2020) 52 Cal.App.5th 213, 219–221.) But not all proceedings on remand trigger the right to appeal. The rule remains that absent a judgment, a judgment substitute, or a qualifying postjudgment order, a defendant cannot appeal. (*Mazurette*, *supra*, 24 Cal.4th at pp. 792–793.)

Defendant contends that the proceedings below must be understood as a resentencing hearing resulting in a new appealable judgment. We disagree. Our disposition did not authorize resentencing, a point understood by the trial court despite the court's initial reference to the remand proceeding as a "resentencing."[4]

Inviting counsel to attend a hearing for the purposes of observing changes the court was making to the abstract of judgment did not covert the appearance into a formal resentencing hearing. Instead, the court's statement that its "intent would be to resentence the defendant consistent with this

---

appeal from a final judgment the court may review any order denying a motion for a new trial. [¶] (b) From any order made after judgment, affecting the substantial rights of the party."

[4] At the hearing, defendant's *sentence* was before the trial court but only in its ministerial capacity to give effect to this court's disposition.

7

remittitur . . . and per the 7/28/2022 remittitur, judgment is modified" must be understood to refer to modifying the previous resentencing as reflected in the *abstract* of judgment, not the judgment itself, as that was the only course of action authorized "per the 7/28/2022 remittitur." The court's explanation that that modification would "be nun[c] pro tunc back on the original date of sentencing" is consistent with this interpretation. In other words, the court's statements suggest it was appropriately complying with the directions contained in the remittitur. (See *People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 [trial court's jurisdiction upon remand limited to carrying out directions contained in remittitur].)

Because the trial court did not resentence defendant, there is no appealable judgment or order in this case. And because there is no judgment or order from which defendant may properly appeal, we lack jurisdiction over this matter.

### DISPOSITION

The appeal is dismissed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

MOOR, J.